IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON RAY NEWSOM, <br> TDCJ #1423419, <br><br> Petitioner, <br> vs. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION H-10-1774 |

**MEMORANDUM AND ORDER**

The petitioner, Jason Ray Newsom (TDCJ #1423419), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Newsom has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a prison disciplinary conviction. He has also filed a memorandum in support of his petition. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below

**I.     BACKGROUND**

Newsom reports that he is currently serving a twenty-year prison sentence for aggravated sexual assault. Public records clarify that, on or about January 23, 2007, Newsom was convicted of one count of sexual assault on a child and three counts of aggravated sexual assault on a child in Montgomery County cause number 06-03-03049. *See* Texas

Department of Criminal Justice, Offender Information Detail, www.tdcj.state.tx.us (last visited May 19, 2010). Newsom does not challenge his underlying conviction or his sentence here. Instead, he seeks relief from a prison disciplinary conviction entered against him at the Wynne Unit, where he is currently assigned.

Newsom reports that he was charged with violating prison disciplinary rules in case number 20090344345 by having "improper contact with a victim." A disciplinary hearing officer found Newsom guilty as charged on August 26, 2009.[1] As a result, Newsom lost over 2,000 days of previously earned good-time credit. Newsom also lost commissary privileges and he was restricted to his cell for 45 days. In addition, Newsom was reduced in classification status. Newsom filed a step 1 and step 2 grievance to challenge his disciplinary conviction, but his appeal was unsuccessful.

Newsom now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case number 20090344345. Newsom explains that one of the victims in his underlying criminal case has filed a civil suit against him. Newsom contends that he wrote a letter of apology to the victim after the victim's attorney commented that it would be in his "best interest" to do so. Newsom insists that he did not send the letter directly to the victim, but forwarded it to the victim's attorney. Newsom claims that there was insufficient evidence to support a conviction for having improper contact with the victim and that prison

---

[1] Newsom notes in his supporting memorandum that he was convicted initially of these same charges in disciplinary case number 20090283238. That conviction was overturned, however, for an unspecified "procedural violation." The charges were re-filed in case 20090344345 and Newsom received a new disciplinary hearing on August 26, 2009, which resulted in the conviction at issue in this case.

2

officials violated his right to due process in connection with his disciplinary proceeding. Newsom contends further that he was denied effective assistance of counsel during his disciplinary hearing. Notwithstanding the arguments made in the petition, the Court finds that Newsom does not have a cognizable claim for federal habeas corpus relief and that the petition fails as a matter of law for reasons discussed below.

## II. DISCUSSION

Newsom seeks habeas corpus relief in federal court from a disciplinary conviction imposed against him in state prison. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief Newsom must establish a violation of constitutional proportion.

### A. Ineffective Assistance of Counsel

Newsom argues that he is entitled to relief from his disciplinary conviction because he was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel at trial. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Claims for ineffective assistance of counsel are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that

absent a constitutional right to counsel, there can be no deprivation of the right to effective assistance of counsel); *United States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (citations omitted) (same). Inmates have no right to retained or appointed counsel at prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Because Newsom had no right to counsel at his disciplinary proceeding, he cannot demonstrate a constitutional violation of the Sixth Amendment and his ineffective-assistance claim fails as a matter of law.

### B.     Due Process

Newsom's remaining claims, which primarily concern the sufficiency and fairness of the hearing officer's guilty verdict, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Newsom, who is in state custody, does not identify a particular liberty interest protected by the Due Process Clause. The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487;

*see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[2] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits without due process from inmates who are eligible for mandatory supervision. *See id*.

Newsom concedes in his petition that he is not eligible for mandatory supervision.[3] [Doc. # 1, *Petition*, ¶ 16]. Thus, although Newsom lost over 2,000 days of good-time credit

---

[2] There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

[3] Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). Because the petitioner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole. To the extent that the petitioner complains that the disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim because there is no protected liberty interest in obtaining parole in Texas. *See Madison v. Parker*, 104 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

as the result of his disciplinary conviction, he has no protected liberty interest in such loss and no valid due process claim in connection with that sanction. *Malchi*, 211 F.3d at 957-58.

Likewise, the other sanctions imposed against Newsom (loss of privileges, temporary cell restriction, reduction in status) do not implicate the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the sanctions at issue do not implicate a protected liberty interest, Newsom fails to state a valid claim for habeas corpus relief under the Due Process Clause.

In summary, because the sanctions assessed against Newsom do not implicate a protected liberty interest, he fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Newsom is not entitled to relief and that his petition must be dismissed.

### III.      CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on May 21, 2010.

Nancy F. Atlas
United States District Judge